AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Massachusetts |
|---|---|

| Name (under which you were convicted): Jose Lora | Docket or Case No.: 25-cv-12692 |
|---|---|

| Place of Confinement : MCI Norfolk | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Jose Lora          v. | Kenneth Lizotte |

| The Attorney General of the State of: Massachusetts |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Worcester County Superior Court

    225 Main Street

    Worcester, MA 01608

    (b) Criminal docket or case number (if you know):  1685CR00171

2.  (a) Date of the judgment of conviction (if you know): 05/10/2018

    (b) Date of sentencing:  05/11/2018

3.  Length of sentence:  Life in prison without the possibility of parole

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    First Degree Murder, life without parole

6.  (a) What was your plea? (Check one)

    ☑ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury        ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes        ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes        ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    Massachusetts Supreme Judicial Court

(b) Docket or case number (if you know):    SJC-12887

(c) Result:    Conviction affirmed

(d) Date of result (if you know):    06/24/2024

(e) Citation to the case (if you know):    Commonwealth v. Jose Lora, 494 Mass. 235 (2024)

(f) Grounds raised:    (1) the court provided an incomplete jury instruction related to self-defense and mental impairment; (2) the Commonwealth delayed in disclosing material evidence, which resulted in a due process and fair trial violation, and precluded his right to raise a complete defense; (3) counsel was ineffective for not protecting Lora on cross-examination; for not objecting to inadmissible gang evidence; for not objecting to the prosecutor's numerous appeals to jurors' sympathies; and for not objecting to the material evidence the prosecutor disclosed mid-trial; and for asking Lora questions which opened the door to his prior firearm adjudication.

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐  Yes    ☑  No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    ☑  Yes    ☐  No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:    Worcester County Superior Court

(2) Docket or case number (if you know):    1685CR00171

(3) Date of filing (if you know):    09/20/2021

(4) Nature of the proceeding:    Rule 30 Motion for New Trial

(5) Grounds raised:   (1) The Commonwealth engaged in trial by ambush by introducing evidence

never provided in discovery, only revealing information mid-trial, in violation of Lora's due

process and fair trial rights; (2) Counsel was ineffective for opening the door to prior bad act

evidence that the court excluded; for not objecting to highly damaging and impermissible

questions of Lora and other witnesses; and for not objecting to witnesses who were called

solely to appeal to jury sympathies; in violation of his right to effective assistance of counsel;

(3) Counsel should have investigated the victim's associates prior acts of violence in support

of the self-defense claim; and (4) the cumulative impact of the constitutional errors violated

Lora's rights to due process and a fair trial

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☑  No

(7) Result:    Denial of motion

AO 241 (Rev. 09/17)

        (8) Date of result (if you know):    12/05/2022

(b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:    N/A

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❒ Yes    ❒ No

        (7) Result:

        (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:    N/A

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes    ❑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ✔ Yes    ❑ No

(2) Second petition:    ❑ Yes    ❑ No

(3) Third petition:    ❑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The court provided incomplete jury instructions in not instructiongon  mental impairment, and as

to the victim's prior violent acts, underminig his self-defense claim in violation of his due process & fair trial rights

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Lora presented a defense that he was hypervigilant and prone to flashbacks due to PTSD, and presented expert

testimony to substantiate this defense. There was also evidence that a passenger in the vehicle with the victim

shot Lora days prior to the incident. Lora maintained that he acted in self-defense when shooting at the other

vehicle. Lora was entitled to jury instructions relating to his mental impairment, and relating to the victim's prior

violent acts, however, the court did not provide these instructions.

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)  **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This issue is a legal issue, which should be raised on direct appeal in state court because the issue is

contained within the record. As a result, Lora did not raise it in his Rule 30 motion, and only raised it in

his direct appeal.

_____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    N/A

---

**GROUND TWO:**          The Commonwealth violated Lora's due process and fair trial rights by disclosing

material evidence mid-trial, rather than providing it during discovery.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During trial, the Commonwealth disclosed Facebook posts from Lora's account; a letter from a testifying witness

where he speculated that Lora set up the encounter on the day of the shooting; testimony claiming Lora's friends

were shooting during a prior incident where Lora was shot at, which was part of the cause of his PTSD; and

evidence that Lora allegedly lied to police in the past. The Commonwealth did not provide the evidence in a timely

manner so that defense counsel could move to exclude it, or make strategic decisions based on whether the

evidence would reach the jury. The evidence undercut Lora's defense and his credibility, where he testified

and was claiming self-defense.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:      Rule 30 Motion for New Trial

Name and location of the court where the motion or petition was filed:      Worcester County Superior Court

Docket or case number (if you know):      1685CR00171

AO 241 (Rev. 09/17)

Date of the court's decision:     12/05/2022

Result (attach a copy of the court's opinion or order, if available):     The court found that the Commonwealth

delayed in disclosing evidence but that Lora was not prejudiced, so the motion was denied.

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?            ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Massachuetts Supreme Judicial Court

Docket or case number (if you know):    SJC-12887

Date of the court's decision:    06/24/2024

Result (attach a copy of the court's opinion or order, if available):    The court affirmed the denial of the motion

for new trial and Lora's conviction.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    N/A

**GROUND THREE:**    Lora was denied his right to effective assistance of counsel where counsel opened the

door to prior bad act evidence; for not objecting to inadmissible evidence; and Lora was prejudiced

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel successfully excluded Lora's prior firearm adjudication, but counsel opened the door to this prior bad act

evidence through questions of Lora. Counsel was ineffective in not objecting to questions that were designed to

open the door to prior bad act evidence; counsel did not object to witnesses called solely to elicit sympathy for the

victim; counsel failed to object to improper questions of Lora on cross-examination. Counsel did not object to

evidence that was not disclosed until the middle of trial. Counsel averred in a post-conviction affidavit that none of

these decisions were strategic.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Rule 30 Motion for New Trial

Name and location of the court where the motion or petition was filed:    Worcester County Superior Court

_____

Docket or case number (if you know):    1685CR00171

Date of the court's decision:    12/05/2022

Result (attach a copy of the court's opinion or order, if available):    The court denied the Rule 30 motion

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Massachusetts Supreme Judicial Court

_____

Docket or case number (if you know):    SJC-12887

Date of the court's decision:    06/24/2024

Result (attach a copy of the court's opinion or order, if available):    The court affirmed the denial of the Rule

30 motion, and affirmed the conviction.

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ❏  Yes    ❏  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ❏  Yes    ❏  No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ❏  Yes    ❏  No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing: _____

        _____

        (b) At arraignment and plea: _____

        _____

        (c) At trial: _____

        _____

        (d) At sentencing: _____

        _____

        (e) On appeal: _____

        _____

        (f) In any post-conviction proceeding: _____

        _____

        (g) On appeal from any ruling against you in a post-conviction proceeding: _____

        _____

        _____

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?          ❏   Yes      ❏    No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

        _____

        _____

        (b) Give the date the other sentence was imposed: _____

        (c) Give the length of the other sentence: _____

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?               ❏   Yes      ❏    No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

        _____

        _____

        _____

        _____

        _____

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    That this Court grant the petition, reverse the

conviction, and order Lora released from custody.

_____

or any other relief to which petitioner may be entitled.


_____

/s/ Jillise McDonough
_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____